IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**GARY MACNEILAGE and**
**VALERIE MACNEILAGE,**

     Plaintiffs,

**RISK MANAGEMENT DIVISION OF**
**THE STATE OF NEW MEXICO,**

     Plaintiff in Intervention,
v.                                                                                                                  No. CIV. 07-841 RHS/WDS

**AVILL YOUNG, et al.,**

     Defendants.

### REPORT AND RECOMMENDATION

**THIS MATTER** came before the Court on request of the Presiding Judge that this Court conduct a fairness inquiry regarding a proposed partial settlement between the Plaintiffs on behalf of the minor children and the Defendant Avill Young's homeowner's insurance carrier. The hearing was held on April 27, 2009. As the Presiding Judge has previously held a fairness hearing regarding a settlement between the Plaintiffs and Defendant New Mexico Parent and Child Resources, Inc., the facts of the case are well known to the Court and will not be repeated here. Although the parties were not present, counsel for both Plaintiffs and Defendant Young and the Guardian ad litem all agreed that Plaintiffs understood, from the last hearing, the consequences of settling and would personally sign releases which reiterated all those matters as covered in the first settlement.

### DISCUSSION

Defendant Avill Young's insurance company, who is not a party, has provided a defense to

this lawsuit under a reservation of rights. Plaintiffs have alleged several theories of negligence and premises liability which would normally be covered by a homeowner's insurance policy. As reported by the Court appointed Guardian ad litem, notwithstanding a liability limit of $100,000.00, the insurance policy has several exclusions and endorsements to the policy that could result in the insurance company having no liability. The Guardian ad litem's report lists the various defenses the insurance company could assert, each of which could be a complete bar to recovery against the policy. Notwithstanding its defenses, the insurance company entered into settlement negotiations prior to filing a declaratory judgment action to determine insurance coverage.

Based upon the evidence presented at the fairness hearing, the Court finds that the settlement was fairly and honestly negotiated. The Court agrees with the Guardian ad litem that serious questions of law are present which could easily result in no recovery against the homeowner' insurance policy. The Court further finds that the recovery of a significant portion of the insurance policy limits without further delay outweighs the possibility of a greater recovery in the future. Lastly, the Court finds the proposed settlement is fair and reasonable and in the best interests of the child, subject to the release issues discussed below.

The proceeds of the settlement would be sequestered for the benefit of the children as set out in the previous order approving the settlement with Defendant New Mexico Parent and Child Resources, Inc.

As of the date of the hearing, the parties had not finalized the settlement documents, particularly the proposed release. The Plaintiffs and Defendant Young represented to the Court that the intent of the settlement would be to settle all claims which could arguably be stated under the homeowner's insurance policy, thus releasing the insurer from any future liability. The insurance company, however, is not a party. When questioned by the Court, the Guardian ad litem conceded

that the intent of the parties is that settlement is dependent on the children retaining all constitutional and government tort claims and their remaining claims against the state Defendants. Until the releases are agreed upon and examined by the Guardian ad litem and the Court, the settlement is not final, nor would the Guardian ad litem approve.

## RECOMMENDATION

As noted above, this Court finds the proposed settlement is a fair and reasonable settlement given the significant issues of law which confront the Plaintiffs. The settlement could be in the best interests of the children, depending upon the contents of the release documents. What claims are released and what claims are preserved will dictate whether the settlement can be approved. Additionally, should the agreed upon release require the children to give up all further claims against Defendant Young, the Court should question the Plaintiffs and the Guardian ad litem as to what assets the Defendant Young may have over and above her insurance coverage. In the event that she has no significant personal assets, then a dismissal of all claims against her would not harm the children. The Court would recommend approving the settlement under those circumstances.

**W. DANIEL SCHNEIDER**
**United States Magistrate Judge**