IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GARY MACNEILAGE and
VALERIE MACNEILAGE,

        Plaintiffs,

RISK MANAGEMENT DIVISION OF
THE STATE OF NEW MEXICO,

        Plaintiff in Intervention,

v.                                   No. CIV. 07-841 RHS/WDS

AVILL YOUNG, et al.,

        Defendants.

ORDER GRANTING RMD'S MOTION FOR PARTIAL SUMMARY
JUDGMENT [Doc. No. 130], GRANTING RMD'S MOTION FOR SUMMARY
JUDGMENT ON ITS COMPLAINT [Doc. No. 102], DENYING DEFENDANT YOUNG'S
MOTION FOR SUMMARY JUDGMENT [Doc. No. 112], GRANTING THE
SOCIAL WORKERS' MOTIONS TO DISMISS [Doc. No. 141], AND
DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT [Doc. No. 84]

      **THIS MATTER** comes before the Court on consideration of: (I) RMD's Motion for Partial

Summary Judgment on Plaintiff's Cross-Claim Alleging that Young was a State Actor and

Memorandum in Support Thereof ("RMD's Motion for Partial Summary Judgment"), filed July 30,

2008 **[Doc. No. 130]**; (II) Risk Management Division of the State of New Mexico's ("RMD's")

Motion for Summary Judgment on its Complaint for Declaratory Judgment and Memorandum in

Support Thereof ("RMD's Motion for Summary Judgment on its Complaint"), filed May 30, 2008

**[Doc. No. 102]**; (III) Defendant Avill Young's Motion for Summary Judgment in Favor of

Coverage under the Tort Claims Act ("Defendant Young's Motion for Summary Judgment"), filed

July 7, 2008 **[Doc. No. 112]**; (IV) Defendants Blossom,[1] Arzola and Hoeppner's Partial Motion to

---

     [1]Although the pleadings alternatively refer to "Cheryl Blossom" and "Cheryl Blossem,"
nothing indicates that the names identify two different individuals.  The Court will refer to this

Dismiss and for Qualified Immunity and Defendant Blossom's Motion to Dismiss and for

Qualified Immunity ("Social Workers' Motions to Dismiss"), filed August 11, 2008 **[Doc. No.**

**141]**; and (V) Plaintiffs' Motion for Summary Judgment against Defendant Avill Young and

Memorandum of Law in Support Thereof ("Plaintiff's Motion for Summary Judgment"), filed

April 24, 2008 **[Doc. No. 84]**.

Having considered the parties' respective submittals, together with all the pleadings on file

in the above-captioned cause, the relevant authorities propounded by counsel and being otherwise

fully advised in the premises, the Court finds that: (I) RMD's Motion for Partial Summary

Judgment **[Doc. No. 130]** has merit and will be granted, (II) RMD's Motion for Summary

Judgment on its Complaint **[Doc. No. 102]** has merit and will be granted, (III) Defendant Young's

Motion for Summary Judgment **[Doc. No. 112]** does not have merit and will be denied, (IV) the

Social Workers' Motions to Dismiss **[Doc. No. 141]** have merit and will be granted, and (V)

Plaintiff's Motion for Summary Judgment **[Doc. No. 84]** does not have merit and will be denied.

*Background*

On July 31, 2007, Plaintiffs Gary and Valerie Macneilage filed this lawsuit as the adoptive

parents and next friends for minors Joslynn M. And Jasmine M. in the Second Judicial District

Court of the State of New Mexico.[2]  In their Complaint, Plaintiff asserted various civil rights, tort

and breach of contract claims against Defendants Avill Young, New Mexico Children, Youth and

Families Department ("CYFD") employees (John Does 1-3; Jane Does 1-3), CYFD and New

---

defendant as Cheryl Blossom, unless directly referencing or quoting from a document using the
alternate spelling.

[2]Defendants removed the case to this Court on August 28, 2007.  (See Joint Notice of
Removal **[Doc. No. 1]**).

Mexico Parent and Child Resources ("PCR"). Plaintiffs allege that during the time that Defendant Young had responsibility for the minor children as their foster parent, she abused and neglected the children,[3] and that Defendants CYFD, CYFD employees and PCR failed to protect the children from abuse/neglect. Plaintiffs assert breach of contract claims, alleging that they are third-party beneficiaries of contracts entered into among the Defendants.

On March 27, 2008, Plaintiff-in-Intervention RMD filed a Complaint in Intervention for Declaratory Judgment **[Doc. No. 56]**, asserting that it has no duty to defend or indemnify Defendants Young and PCR. On April 18, 2008, Plaintiffs filed an answer to RMD's Complaint in Intervention, a Cross-Claim against RMD and CYFD, and "a third-party complaint against third-party defendants employed with CYFD." (Plaintiffs' Answer to Complaint in Intervention, Cross Claim and Third Party Complaint at 3, 6 **[Doc. No. 78]**).[4] On June 23, 2008, Plaintiffs amended their Complaint, naming Polly Arzola, Mary Lou Hoeppner,[5] and Cheryl Blossom as additional defendants. (See Plaintiffs' First Amended Complaint ("Amended Complaint") **[Doc. No. 106]**). On August 22, 2008, PCR filed a Cross-Claim against RMD. (See Cross-Claim Against RMD for

---

[3]Plaintiffs allege that Defendant Young "repeatedly hit, beat, bound, struck, bit, whipped, tortured, starved and otherwise deprived the children causing significant physical and emotional harm." (Complaint for Civil Rights Violations and Personal Injuries ("Complaint") at 3 ¶ 16, Ex. A to Joint Notice of Removal, filed Aug. 28, 2007 **[Doc. No. 1]**).

[4]On June 2, 2008, the Court entered a stipulated order withdrawing without prejudice Plaintiffs' Cross-Claim and Third-Party Complaint against CYFD Defendants and permitting Plaintiffs to file an amended complaint if the case did not settle following a settlement conference on June 3, 2008. (See Stipulated Order Withdrawing without Prejudice Plaintiffs' Cross Claim and Third Party Complaint versus CYFD Defendants and Allowing Plaintiffs to Amend their Complaint **[Doc. No. 104]**).

[5]On February 3, 2009, counsel filed a Notice of Death regarding Defendant Hoeppner. (See **[Doc. No. 204]**).

Indemnification, Payment of Adverse Judgment, Settlement Amount, and Payment of Attorney Fees and Costs [**Doc. No. 150**]).

On September 16, 2008, the Court entered an order estopping Defendants from denying or re-litigating the factual basis of Defendant Young's guilty plea in state court regarding two counts of intentional felony child abuse.  (See Order Granting Plaintiffs' Motion for Collateral Estoppel [**Doc. No. 164**]).  On November 26, 2008, the Court approved a settlement and dismissed Plaintiffs' claims against Defendant PCR.  (See Order Approving Settlement and Dismissing Defendant New Mexico PCR [**Doc. No. 193**]).  On March 30, 2009, Plaintiffs and Defendant Young moved for approval of a settlement agreement between Plaintiffs and Defendant Young in her individual capacity.  (See Motion to Approve Settlement of Minors' Claims [**Doc. No. 208**]).[6]

*Motion to Dismiss Standard*

A complaint should be dismissed under FED. R. CIV. P. 12(b)(6) "if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the non-moving party, the complaint does not contain enough facts to state a claim to relief that is plausible on its fact."  Anderson v. Suiters, 499 F.3d 1228, 1232 (10th Cir. 2007) (citing Bell Atlantic Corp. v. Twombly, — U.S. —, 126 S.Ct. 1955, 1968-69 (2007); other citations and internal quotation marks omitted).  Under this standard of review, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."  Anderson, 499 F.3d at 1232 (citation and internal quotation marks omitted; emphasis in original).

_____

[6] On April 30, 2009, the Honorable W. Daniel Schneider filed a Report and Recommendation regarding the motion.  (See [**Doc. No. 212**]).

*Summary Judgment Standard*

Summary judgment is appropriate where the movant demonstrates that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c).  The movant has 'the initial burden to show that there is an absence of evidence to support the nonmoving party's case.'" Mirzai v. State of N.M. Gen. Services Dep't , 506 F.Supp.2d 767, 774 (D.N.M. 2007) (quoting Munoz v. St. Mary-Corwin Hosp., 221 F.3d 1160, 1164 (10th Cir. 2000)).  In addition to showing that there are no genuine issues of material fact, the moving party must also show that it is entitled to judgment as a matter of law.  See Celotex v. Corp. v. Catrett, 477 U.S. 317, 323 (1986).

Once the moving party meets that initial burden, the nonmoving party bears the burden of setting "forth specific facts showing that there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  "For the purposes of summary judgment, the court assumes the evidence of the nonmoving party to be true, resolves all doubts against the moving party, construes all evidence in the light most favorable to the non-moving party, and draws all reasonable inferences in the non-moving party's favor."  Velasquez v. Frontier Med., Inc., 375 F.Supp.2d 1253, 1263 (D.N.M. 2005) (citing Anderson, 477 U.S. at 255)).  "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Matsushita Elec. Indus. Co. V. Zenith Radio Corp., 475 U.S. 574, 586 (1986) (internal quotation marks omitted).

*Qualified Immunity*

State and local officials who carry out executive or administrative functions are entitled to assert the defense of qualified immunity.  See Brosseau v. Haugen, 543 U.S. 194, 194-97 (2004). Qualified immunity will protect a public official who has violated a plaintiff's federally protected

5

rights so long as the official did not violate clearly established federal law.  Anderson v. Creighton, 483 U.S. 635, 638-39 (1987).  The related standards for qualified immunity are whether the public official acted in an objectively reasonable manner and whether the public official had fair warning that her conduct violated a federal law.  See United States v. Lanier, 520 U.S. 259, 270 (1997).  Indeed, qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law."  Malley v. Briggs, 475 U.S. 335, 341 (1986).  Thus, when qualified immunity is asserted as a defense, the critical issue is whether the public official violated a federally protected right that was clearly established at the time she acted.[7]  See Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).

*Discussion*

I.     RMD's Motion for Partial Summary Judgment **[Doc. No. 130]**

In its motion, RMD seeks summary judgment regarding its assertion that Defendant Young, in acting as a treatment foster parent, was not a "state actor" for purposes of liability under 42 U.S.C. § 1983.[8]  In their response to RMD's motion, Plaintiffs contend that Defendant Young, "in providing psychological and medical care to [foster children] . . . intertwined her sufficiently with state activity that she is a state actor."  (Plaintiffs' Response to RMD's Motion for Partial Summary Judgment at 2, filed Sept. 2, 2008 **[Doc. No. 159]**).  Under the facts and circumstances of this case,

_____

[7]A federally protected right is clearly established if the contours of the right are sufficiently clear that a reasonable official would understand that what she is doing violates that right.  See Anderson, 483 U.S. at 640.

[8]A prerequisite to any claim against Defendant Young under this statute is that Defendant Young was acting "under color of" state law at the time she allegedly violated Plaintiffs' constitutional right to due process.  See § 1983.

the Court concludes that Defendant Young was not a "state actor" for purposes of liability under §
1983.

The Tenth Circuit has identified four tests "to determine whether private parties should be
deemed state actors when conducting a state action analysis: (1) the public function test, (2) the
nexus test, (3) the symbiotic relationship test and (4) the joint action test." Johnson v. Rodrigues,
293 F.3d 1196, 1202 (10th Cir. 2002). The Court presumes that, in referring to Defendant Young as
"intertwined," Plaintiffs contend that Defendant Young was a state actor based on the symbiotic
relationship test. However, the Court determines that Defendant Young was not a state actor based
on any of the four tests above.

Plaintiffs note that in Johnson ex rel. Estate of Cano v. Holmes, the Tenth Circuit stated that
foster parents "play a public role when they take in foster children[,]" and observed that New
Mexico "regulations suggest that foster parents are effectively state officials, at least for some
purposes." Id., 455 F.3d 1133, 1140 & n.4 (10th Cir. 2006). The Tenth Circuit has yet to
determine that foster parents are state actors for purposes of liability under § 1983, and Plaintiffs
point to no binding precedent to that effect. Indeed, the Circuit Courts of Appeals that have
considered whether foster parents are state actors subject to liability under § 1983 conclude that
they are not. See Leshko v. Servis, 423 F.3d 337, 342 (3d Cir. 2005) (specifically "reject[ing] the
proposition that Pennsylvania's characterization of the [foster parents] as 'employees'
automatically makes them state actors"); Rayburn v. Hogue, 241 F.3d 1341, 1348 n.10 (11th Cir.
2001) (noting that "other courts have generally refused to attribute the actions of foster parents to
the State"); K.H. v. Morgan, 914 F.2d 846, 852 (7th Cir. 1990) (foster parent is a state actor only
when the state knows or suspects a foster parent is a child abuser); Lundy v. Colmenero, No. 08-
CV-1153 JM(CAB), 2008 WL 3546739, at *2 n.1 (S.D.Cal. Aug. 13, 2008) (slip copy) (noting that

7

"all circuits [that have definitively resolved the issue] agree that foster parents are not state actors for the purposes of section 1983").

Under the facts of this case and for all of the reasons set forth above, this Court finds that Defendant Young was not a state actor for purposes of § 1983 in her role as treatment foster parent. Accordingly, the Court will grant RMD's Motion for Partial Summary Judgment and Defendant Young will be deemed not to be a state actor under § 1983.

II.     <u>RMD's Motion for Summary Judgment on its Complaint</u> **[Doc. No. 102]**

In its motion, RMD contends that, pursuant to the New Mexico Tort Claims Act ("TCA"), it is only authorized to defend, indemnify or pay any judgment when the acts complained of were carried out by a "public employee" or a "governmental entity" while in the scope of their duty. (RMD's Motion for Summary Judgment on its Complaint at 2).  RMD argues that neither Defendant Young nor Defendant PCR is a "public employee" or a "governmental entity," and thus, RMD is not required to defend or indemnify them in this lawsuit.  Defendant Young, Plaintiffs and Defendant PCR filed responses in opposition to RMD's motion.  (<u>See</u> **[Doc. Nos. 108, 109, 117]**).  The Court concludes that RMD demonstrates that no genuine issue of material fact exists and that RMD is entitled to summary judgment on its complaint for declaratory judgment as a matter of law.

Defendant PCR is a private New Mexico corporation that contracted with CYFD to provide treatment foster care and foster parent training.  Defendant Young was hired, trained and licensed by PCR.  Under the TCA, a "governmental entity" means "the state or any local public body as defined in Subsections C and H of this section."  NMSA § 41-4-3(B).[9]  A "public employee"

_____

[9]A "local public body" means "all political subdivisions of the state and their agencies, instrumentalities and institutions . . . ."  § 41-4-3(C).  The "state" or a "state agency" means "the

means "an officer, employee or servant of a governmental entity, excluding independent

contractors [with certain exceptions] . . . and including: . . .[*inter alia*] (4) licensed foster parents

providing care for children in the custody of the human services department . . . or department of

health, but not including foster parents certified by a licensed child placement agency . . . ."  § 41-

4-3(F).

      Having considered the facts and circumstances of this case in light of New Mexico state

law, the Court concludes that neither Defendant Young nor Defendant PCR is a "public employee"

or a "governmental entity" as those terms are defined in the TCA.  <u>See</u>, <u>e.g.</u>, <u>Memorial Medical</u>

<u>Center, Inc. v. Tatsch Construction, Inc.</u>, 12 P.3d 431, 441 (N.M.S.Ct. 2000) (concluding "that the

standard to be applied is whether under the totality of the circumstances the government entity is so

intertwined with the private entity that the private entity has become an alter ego of the public

entity"); <u>Cole v. City of Las Cruces</u>, 657 P.2d 629, 632 (N.M.S.Ct. 1983) (explaining that despite

the City's "right to supervise, direct and control the employees of the Association . . . . the

important fact yet remains that the Association is a private corporation and is not the type of

'instrumentality' contemplated within the context of the Act" at § 41-4-3(C)); <u>Armijo v. Dep't of</u>

<u>Health and Environment</u>, 775 P.2d 1333, 1338 (N.M.Ct.App. 1989) (finding that a community

health facility was not a state agency and its employees were not public employees under the

TCA).

      As a foster parent licensed by PCR, Defendant Young is specifically excluded as a "public

employee" under § 41-4-3(F)(4).  The Court is not persuaded that Defendant Young is a "public

---

state of New Mexico or any of its branches, agencies, departments, boards, instrumentalities or
institutions."  § 41-4-3(H).

employee" pursuant to § 41-4-3(F)(10).[10]  Nor is the Court convinced that RMD is obligated to

provide coverage to Defendant Young pursuant to § 15-7-3(B)(1).[11]  The Court does not find either

Defendant Young or Defendant PCR to be a servant or instrumentality of the state under the

"totality of the circumstances / alter ego" standard set forth by the Supreme Court of New Mexico

in Tatsch.  The Court does not find that RMD is barred from raising a coverage challenge because

it failed to send a reservation of rights letter.  See § 59A-1-16 (providing that RMD is generally

exempt from the provisions of the Insurance Code).  Finally, the Court is not persuaded that the

exclusion of "foster parents certified by a licensed child placement agency" from the TCA's

definition of "public employee" violates the Equal Protection Clause of either the state or federal

constitution.  § 41-4-3(F)(4).

     Under the facts of this case and for all of the reasons set forth above, the Court finds that

RMD is not required to defend and indemnify Defendant Young or Defendant PCR in this action

and will grant RMD's Motion for Summary Judgment on its Complaint.

     III.    Defendant Young's Motion for Summary Judgment **[Doc. No. 112]**

     Defendant Young acknowledges that this motion "addresses the same issues raised in

Defendant Young's *Response In Opposition to Risk Management Division's Motion for Summary

Judgment* [docket no. 108] and the arguments track her Response Brief."  (Defendant Young's

---

    [10] (defining "public employee" to include "licensed medical, psychological or dental arts practitioners providing services to the children, youth and families department pursuant to contract").

    [11](indicating that RMD "shall provide liability coverage for . . . a claim made pursuant to . . . [§] 1983 against a nonprofit corporation . . . or its employees, when the claim is based upon action taken pursuant to the provision of a contract between the corporation and the department of health under which the corporation provides developmental disability services to clients of the department . . . .").

Motion for Summary Judgment at 1).   In this motion, however, Defendant Young seeks a specific

determination from the Court "that coverage is available from Risk Management Division

("RMD") under the Tort Claims Act."  (Id.).  Having considered and addressed the same issues and

arguments raised in Defendant Young's Motion for Summary Judgment in considering RMD's

Motion for Summary Judgment on its Complaint (see supra), this Court has determined that RMD

is not required to defend and indemnify Defendant Young.  Accordingly, for substantially the same

reasons that it finds RMD's Motion for Summary Judgment on its Complaint should be granted,

the Court finds that Defendant Young's Motion for Summary Judgment should be denied.

IV.     Social Workers' Motions to Dismiss **[Doc. No. 141]**

In their motion, Defendants Blossom, Arzola and Hoeppner ("Social Workers") move to

dismiss "any and all claims of procedural due process and equal protection . . . limiting Count I to a

substantive due process claim related to the events in the Young foster home and dismissing Count

IV in its entirety, or alternatively, granting qualified immunity on said claims."  (Social Workers'

Motions to Dismiss at 1).  The Social Workers move to dismiss "any procedural due process or

equal protection claim, whether contained in Count I or IV, [because it] simply cannot be sustained

on the facts herein."  (Defendants Blossom, Arzola and Hoeppner's Memorandum in Support of

their Partial Motion to Dismiss and for Qualified Immunity and Defendant Blossom's

Memorandum in Support of her Motion to Dismiss and for Qualified Immunity ("SW

Memorandum") at 2, filed Aug. 11, 2008 **[Doc. No. 142]**).

Defendant Social Workers contend that there is "no cognizable equal protection claim."[12]

(SW Memorandum at 8).  Plaintiffs wholly fail to address this contention, and thus, waive any such

---

[12]The Court agrees that much of Count I is a "complicated hash" of allegations and that
Plaintiffs' response does little to clarify the confusion.  (SW Memorandum at 8).

claim against the Defendant Social Workers.  Moreover, the Court is unable to discern a viable equal protection claim asserted against the Defendant Social Workers in Plaintiffs' Amended Complaint.  Accordingly, the Court will dismiss any and all equal protection claims asserted against any of the Defendant Social Workers.

Defendant Social Workers also contend that there "is no cognizable procedural due process claim."  (SW Memorandum at 10).  The Court agrees that it is difficult to determine the basis of Plaintiffs' procedural due process claims against the Defendant Social Workers from their Amended Complaint, and Plaintiffs' response does little to clarify the confusion.  Plaintiffs apparently contend that Defendant Social Workers violated their rights to procedural due process by failing to comply with certain state procedural requirements.  However, "[p]rocess is not an end in itself."  Olim v. Wakinekona, 461 U.S. 238, 250 (1983).[13]  Plaintiffs fail to clearly explain the basis of their purported procedural due process claims against each individual Social Worker Defendant.  Moreover, to the extent that Plaintiffs allege procedural due process claims against the Social Worker Defendants, the Court concludes that they are entitled to qualified immunity on those claims.  Accordingly, the Court will dismiss any and all procedural due process claims asserted against the Defendant Social Workers.

Defendant Blossom separately moves "to be dismissed from what remains of Count I, and Counts II, IV and VI altogether for lack of subject matter jurisdiction because she was not a state

---

[13] "In order to establish a constitutionally protected right to certain procedures, a plaintiff must demonstrate the existence of a separate, underlying substantive interest."  Roe ex rel. Roe v. Keady, 2001 WL 238142, at *6 (D.Kan. Mar. 1, 2001) (citing Olim, 461 U.S. at 250-51) (not reported).  Moreover, "where the state statute creates mandatory procedures but does not guarantee a particular substantive outcome, no protected liberty interest exists."  Roe, 2001 WL 238142, at *5 (citing Kentucky Dep't of Corr. v. Thompson, 490 U.S. 454, 463 (1989)).

employee during the time period relevant to the remaining events." (SW Memorandum at 1-2).[14] Although Plaintiffs assert that Defendant Blossom denied the children's substantive due process rights "when she transferred the girls from foster care to treatment foster care," they fail to identify any substantive interest associated with such a transfer.[15] (Plaintiffs' Response to Social Workers' Motions to Dismiss at 2, filed Aug. 23, 2008 **[Doc. No. 157]**). As Defendant Blossom notes, any remaining substantive due process and negligence claims apparently relate to the circumstances involving the placement of Joslynn and Jasmine with Defendant Young. To succeed on a complaint under § 1983, Plaintiffs must allege some personal involvement by Defendant Blossom in the alleged constitutional violation. See Mitchell v. Maynard, 80 F.3d 1433, 1441 (10th Cir. 1996).[16] However, Plaintiffs do not allege that Defendant Blossom participated in placing the children with Defendant Young. Accordingly, the Court will dismiss any remaining substantive due process claims and state negligence claims against Defendant Blossom, and will dismiss Defendant Blossom from this proceeding.

     V.       Plaintiffs' Motion for Summary Judgment **[Doc. No. 84]**

---

[14]Although Defendant Blossom contends that Plaintiffs' remaining claims against her should be dismissed for lack of subject matter jurisdiction, her argument based on dates of employment appears to assert a defense under Federal Rule of Civil Procedure ("Rule") 12(b)(6). Accordingly, the Court construes Defendant Blossom's motion as one to dismiss pursuant to Rule 12(b)(6).

[15]To the extent that Plaintiffs identified a substantive right, the Court finds that Defendant Blossom is entitled to qualified immunity regarding a due process claim based on that right.

[16]Moreover, a civil rights action against a § 1983 defendant may not be based solely on a theory of respondeat superior liability for the actions of workers supervised by the official. Id.

In their motion, Plaintiffs apparently seek summary judgment against Defendant Young on Counts I, VI and VIII of the Amended Complaint.[17]  Plaintiffs' motion for summary judgment against Defendant Young on any claim arising under § 1983 cannot be granted, based on the Court's previous determination that Defendant Young was not a state actor under this statute.  (See discussion of RMD's Motion for Partial Summary Judgment **[Doc. No. 130]**, supra).  Accordingly, Plaintiffs' Motion for Summary Judgment against Defendant Young will be denied with respect to Count I.

In their briefing, the parties refer to Count VI or Count 6 variously as a "breach of contract claim" or a "third party beneficiary claim."  However, in the Amended Complaint, Count VI is titled: "Negligence & Negligent Maintenance of a Building Against all Defendants."  (Amended Complaint at 32).[18]  The Court is unable to determine on which claims Plaintiffs are seeking summary judgment against Defendant Young.  However, in her response, Defendant Young does not dispute the existence of a contract with PCR or that the conduct underlying her guilty plea violated the terms of the contract.  Accordingly, the Court will deem that Defendant Young's conduct on which her guilty plea is based constituted a breach of her contract with PCR.  Otherwise, Plaintiffs' Motion for Summary Judgment against Defendant Young with respect to Count VI will be denied.

---

[17]In the motion's introduction, Plaintiffs "seek summary judgment on Counts I, II, [sic]". (Plaintiffs' Motion for Summary Judgment at 1).  In the body of the motion, Plaintiffs seek summary judgment on "Count I," "Count 6" and "Count 8".  (Id. at 12, 15, 18).  In the motion's conclusion, Plaintiffs seek summary judgment "on all claims."  (Id. at 20).  However, in their reply, Plaintiffs reference Count I, Count VI and a negligence *per se* claim (previously identified as Count 8).

[18]Count III is titled: "Breach of Contracts (CYFD & NMPCR) Third Party Beneficiary Claim."  (Id. at 27).  Count V is titled: "Breach of Federal Contractual Obligations to Children as Third Party Beneficiaries Defendant CYFD."  (Id. at 31).

Plaintiffs also move for summary judgment against Defendant Young on Count 8, identified in their motion as a claim of "negligence *per se*."  However, Count VIII of the Amended Complaint is titled "Negligence (Young)" not "negligence *per se*."  (Amended Complaint at 33).  Indeed, the Court notes that "negligence *per se*" does not appear to be a claim in and of itself, but rather, a theory of liability or standard of conduct by which a party attempts to prove a claim of negligence. See Hinger v. Parker & Parsley Petroleum Co., 120 N.M. 430, 438, 902 P.2d 1033, 1041 (N.M.Ct.App. 1995) (listing negligence *per se* as a theory of negligence); see also Archibeque v. Homrich, 88 N.M. 527, 532, 543 P.2d 820, 825 (N.M.S.Ct. 1975) ("Once negligence per se is found, the fact finders would still have to determine whether the negligence per se was the actual and proximate cause of the accident. Thus, the judge could not have granted a directed verdict on the issue of liability.") (internal citations omitted).  Accordingly, Plaintiffs' Motion for Summary Judgment against Defendant Young will be denied with respect to Count VIII.

WHEREFORE,

IT IS ORDERED that RMD's Motion for Partial Summary Judgment on Plaintiff's Cross-Claim Alleging that Young was a State Actor and Memorandum in Support Thereof **[Doc. No. 130]** is **granted** and it is deemed that Defendant Young was not a state actor under § 1983 in her role as a treatment foster parent.

IT IS FURTHER ORDERED that Risk Management Division of the State of New Mexico's Motion for Summary Judgment on its Complaint for Declaratory Judgment and Memorandum in Support Thereof **[Doc. No. 102]** is **granted** and RMD has no duty to defend and indemnify Defendants Young and PCR in this proceeding.

IT IS FURTHER ORDERED that Defendant Avill Young's Motion for Summary Judgment in Favor of Coverage under the Tort Claims Act **[Doc. No. 112]** is **denied**.

15

IT IS FURTHER ORDERED that Defendants Blossom, Arzola and Hoeppner's Partial Motion to Dismiss and for Qualified Immunity and Defendant Blossom's Motion to Dismiss and for Qualified Immunity **[Doc. No. 141]** are **granted** as follows:

1. All equal protection claims and procedural due process claims asserted pursuant to § 1983 against Defendants Blossom, Arzola and Hoeppner are hereby **dismissed with prejudice**;

2. All substantive due process claims asserted pursuant to § 1983 against Defendant Blossom are hereby **dismissed with prejudice**;

3. All state negligence claims asserted against Defendant Blossom are hereby **dismissed with prejudice**; and

4. Defendant Blossom is **dismissed** as a defendant in this proceeding and the Clerk is directed to **terminate** Defendant Blossom from the docket.

IT IS FURTHER ORDERED that Defendant Young's conduct on which her guilty plea is based is deemed to constitute a breach of her contract with PCR.

IT IS FINALLY ORDERED that Plaintiffs' Motion for Summary Judgment against Defendant Avill Young and Memorandum of Law in Support Thereof **[Doc. No. 84]** is **denied without prejudice**.

Robert Hayes Scott

ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE